**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH SCHWARTZ; et al., | No. 21-15841 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-02044-SK |
| v. | |
| NICHOLAS FINN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[**]
District Judge.

This case involves untimely allegations of fraud and misrepresentation against

a nationwide proprietor of nursing homes. The instant appeal arises from the district

court's dismissal of Appellants' Second Amended Complaint for failure to plausibly

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

plead the application of the discovery rule in order to toll the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291, and now affirm.

According to the allegations in the Second Amended Complaint, Defendants-Appellees fraudulently misrepresented their finances to induce Plaintiffs-Appellants to acquire the operations portions of 61 nursing facilities in four states, and to enter lease agreements with the entities that would be the landlords and tenants in those facilities. The last of these Lease Agreements was finalized on February 1, 2017. Appellants filed suit on March 24, 2020—about two months outside the three-year limitations period for fraud, and more than a year outside the two-year period for negligent misrepresentation. *See* Cal. Civ. Proc. Code § 338(d); *E-Fab, Inc. v. Accts., Inc. Servs.*, 64 Cal. Rptr. 3d 9, 14 (Cal. Ct. App. 2007) (citing Cal. Civ. Proc. Code § 339). The district court dismissed the Second Amended Complaint with prejudice, concluding that the Appellants' claim was time-barred, and that they failed to plead application of the discovery rule under California law.

We review a district court's ruling on a motion to dismiss de novo, applying the same standard of review as the district court. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021). In evaluating a motion to dismiss, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id*. To survive a motion to dismiss for failure to state a claim, the complaint must "contain enough

facts to 'state a claim for relief that is plausible on its face.'" *Plaskett v. Wormuth*, 18 F.4th 1072, 1083 (9th Cir. 2021) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010)).

Under California law, a cause of action accrues "upon the occurrence of the last element essential to the cause of action." *Apr. Enters., Inc. v. KTTV & Metromedia, Inc.*, 195 Cal. Rptr. 421, 432 (Cal. Ct. App. 1983); *Magpali v. Farmers Grp., Inc.*, 55 Cal. Rptr. 2d 255, 233 (Cal. Ct. App. 1996). "The discovery rule 'postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.'" *E-Fab, Inc.*, 64 Cal. Rptr. 3d at 15 (quoting *Norgart*, 981 P.2d at 83). To plead the applicability of the discovery rule at the motion to dismiss stage, the plaintiff must allege: "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 975 (9th Cir. 2013) (quoting *Camsi IV v. Hunter Tech. Corp.*, 282 Cal. Rptr. 80, 86 (Cal. App. 1991)).

The Appellants fail to make this showing. To survive a motion to dismiss, "plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wormuth*, 18 F.4th at 1083 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Second Amended Complaint contains exactly one paragraph addressing the discovery rule. That paragraph reads: "In April 2018, after establishment of the receiverships, Plaintiffs discovered the financial misrepresentations by Defendants." This short statement contains only conclusory allegations as to the time of discovery, and is devoid of details regarding Appellants' "inability to have made earlier discovery despite reasonable diligence." *Chubb*, 710 F.3d at 975. Absent any factual enhancement, Appellants have failed to plausibly plead delayed discovery.

Appellants argue that this Court should reverse the District Court's denial of leave to amend the Complaint further. "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Appellants were given an opportunity to correct their failure to plead the discovery rule when the district court dismissed the First Amended Complaint. They failed to overcome this deficiency. Accordingly, the district court did not abuse its discretion by dismissing the Second Amended Complaint with prejudice.

4

**AFFIRMED.**